1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Attorney
3  MONICA F. WILEY, State Bar # 183005
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-3956
6  Facsimile:     (415) 554-3837
   E-Mail:        monica.wiley@sfgov.org
7
   Attorneys for Defendant
8  CITY AND COUNTY OF SAN FRANCISCO

9

10                    UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                                        Case No. **C 06 7022**

13  ELIZABETH DRURY,

14            Plaintiff,                  **NOTICE OF REMOVAL OF ACTION
                                          UNDER 28 U.S.C. § 1441(b) (FEDERAL
                                          QUESTION) BY DEFENDANT CITY
15       vs.                              AND COUNTY OF SAN FRANCISCO
                                          OF UNVERIFIED COMPLAINT OF
16  CITY AND COUNTY OF SAN                PLAINTIFF NAM HOANG NGUYEN;
    FRANCISCO, TEGSCO, LLC dba SAN        DEMAND FOR JURY TRIAL
17  FRANCISCO AUTO RETURN, JOSEPH         [28 U.S.C. § 1441(a); F.R.C.P. 38(b)]**
    NAMMERY, ANTHONY AZEBEDO,
18            Defendants.

19

20  **TO:   THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF AND
21         PLAINTIFF'S ATTORNEY OF RECORD:**

22         **NOTICE IS HEREBY GIVEN** that the City and County of San Francisco answering

23  Defendant in the above-captioned action, No. 457-140 in the files and records of the Superior Court

24  in and for the City and County of San Francisco, hereby files in the United States District Court for

25  the Northern District of California a Notice of Removal of said action to the said United States

26  District Court, pursuant to 28 U.S.C. §§1441 and 1446, and are filing in said Superior Court a Notice

27  of Removal.

28

NOTICE OF REMOVAL                         1                    n:\lit\li2006\070560\00409237.doc
CASE NO.

1    Answering Defendant, pursuant to 28 U.S.C. §§1441 and 1446, presents the following facts to

2  the Judges of the United States District Court for the Northern District of California:

3    A civil action bearing the above-caption, with the exception of federal claims, was

4  commenced in the Superior Court of California, in and for the City and County of San Francisco, on

5  or about October 19, 2006, and is pending therein.

6    The Complaint in said pending action purports to state claims under 42. U.S.C. section 1983

7  *et seq.*, against Answering Defendant. This action is one that may therefore properly be removed to

8  this Court pursuant to 28 U.S.C. §1441(a), for the reason that plaintiff in her Complaint purports to

9  allege a violation of laws of the United States.

10    To the extent that plaintiff's Complaint alleges a claim or cause of action other than violations

11  of rights under the laws of the United States, said causes of action may be removed and adjudicated

12  by this Court pursuant to 28 U.S.C. §1441(c).

13    Answering Defendant first received a copy of the Complaint in this matter on or after October

14  19, 2006. Pursuant to 28 U.S.C. §1446(b), a copy of the Summons and Complaint are attached hereto

15  as **Exhibit A**. The Notice to Plaintiff regarding the Case Management Conference is attached hereto

16  as **Exhibit B**. A copy of Defendant City and County of San Francisco's state court Answer is

17  attached hereto as **Exhibit C**. A copy of Defendant City and County of San Francisco's Demand for

18  Jury Trial is attached hereto as **Exhibit D**. According to the Court's docket as noted on its website,

19  there are no other pleadings on file in this action.

20    WHEREFORE, Answering Defendant prays that the above-action now pending in the

21  Superior Court of the State of California in and for the City and County of San Francisco be removed

22  in its entirety to this Court for all further proceedings, pursuant to 28 U.S.C. §1441 *et. seq.*

23                                   **JURY DEMAND**

24    Pursuant to Rule 38 of the Federal Rules of Civil Procedure and San Francisco Civil Local

25  Rule 3-6, Defendant demands a jury trial.

26

27

28

Dated: November 9, 2006

1

2            DENNIS J. HERRERA
             City Attorney
3            JOANNE HOEPER
             Chief Trial Deputy

4

5       By: _____
             MONICA F. WILEY
6            Deputy City Attorney

7            Attorneys for Defendant CITY AND COUNTY OF
             SAN FRANCISCO
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, Pamela Cheeseborough, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

On November 9, 2006, I served the following document(s):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION) BY DEFENDANT CITY AND COUNTY OF SAN FRANCISCO OF UNVERIFIED COMPLAINT OF PLAINTIFF NAM HOANG NGUYEN; DEMAND FOR JURY TRIAL [28 U.S.C. § 1441(a); F.R.C.P. 38(b)]**

on the following persons at the locations specified:

Galen D. Lemei, Esq.
Gibson, Dunn & Crutcher LLP
1 Montgomery Street, Suite 3100
San Francisco, CA 94104
Telephone: (415) 393-8200
Facsimile: (415) 986-5309
*(Counsel for Plaintiff)*

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery ☐ is attached or ☐ will be filed separately with the court.**

☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed November 9, 2006, at San Francisco, California.

_____
Pamela Cheeseborough

# EXHIBIT A

# TO

# DEFENDANT'S NOTICE OF REMOVAL

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

RECEIVED MAYOR'S OFFICE
06 OCT 19 PM 4:48

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY AND COUNTY OF SAN FRANCISCO, TEGSCO, LLC dba SAN FRANCISCO AUTO RETURN, JOSEPH NANNERY, ANTHONY AZEBEDO, and DOES 1 through 60, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ELIZABETH DRURY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* CGC-06-457140 |

San Francisco Superior Court
400 McAllister Street
San Francisco, CA 94102-4514

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Galen D. Lemei,  SB# 233322          415-393-8200
Gibson, Dunn & Crutcher LLP
1 Montgomery Street, Suite 3100
San Francisco, California 94104

DATE: OCT 19 2006          Gordon Park-L    Clerk, by    Jun Panelo    , Deputy
*(Fecha)*                  *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* City And County of San Francisco
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* 416.50 (Public Entity)
4. ☒ by personal delivery on *(date):* 10/19/06

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

ENDORSED
F I L E D
San Francisco County Superior Court

OCT 1 9 2006

GORDON PARK-LI, Clerk
BY: JUN P. PANELO
Deputy Clerk

1  GIBSON, DUNN & CRUTCHER LLP
   SCOTT A. FINK, SBN 83408
2  SFink@gibsondunn.com
   GALEN LEMEI, SBN 233322    CASE MANAGEMENT CONFERENCE SET
3  GLemei@gibsondunn.com
   One Montgomery Street
4  Suite 3100                 MAR 2 3 2007 - 9:00 AM
   San Francisco, California 94104
5  Telephone: (415) 393-8200
   Facsimile: (415) 986-5309  DEPARTMENT 212
6
   Attorneys for ELIZABETH DRURY
7

RECEIVED
MAYOR'S OFFICE
06 OCT 19 PM 4:48

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                  IN THE COUNTY OF SAN FRANCISCO
10

11  ELIZABETH DRURY,                    CASE NO. CGC-06-457140

12              Plaintiff,              COMPLAINT FOR DAMAGES FOR
                                        FAILURE TO DISCHARGE STATUTORY
13       v.                             DUTY; NEGLIGENCE, FALSE
                                        IMPRISONMENT; INTENTIONAL
14  CITY AND COUNTY OF SAN FRANCISCO,   INFLICTION OF EMOTIONAL
    TEGSCO, LLC dba SAN FRANCISCO AUTO  DISTRESS; MALICIOUS PROSECUTION;
15  RETURN,                             VIOLATION OF CIVIL RIGHTS IN
    JOSEPH NANNERY,                     VIOLATION OF CIVIL RIGHTS [CAL.
16  ANTHONY AZEBEDO,                    CIV. CODE § 52.1]; VIOLATION OF
    and DOES 1 through 60, inclusive:   CIVIL RIGHTS IN VIOLATION OF CIVIL
17                                      RIGHTS [42 U.S.C. 1983]
                Defendants.
18

19

20       Plaintiff ELIZABETH DRURY alleges as follows:

21       1.      Defendant CITY AND COUNTY OF SAN FRANCISCO is, and at all times

22  mentioned herein was, a municipal corporation and a county, duly organized and existing under the

23  laws of the state of California.

24       2.      At all times mentioned herein, defendant JOSEPH NANNERY was employed as a

25  police officer by the San Francisco Police Department, and therefore was an agent, employee, and

26  servant of defendant CITY AND COUNTY OF SAN FRANCISCO.

27

28                                         1

COMPLAINT FOR DAMAGES FOR FAILURE TO DISCHARGE STATUTORY DUTY; NEGLIGENCE,
FALSE IMPRISONMENT; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; MALICIOUS
PROSECUTION; VIOLATION OF CIVIL RIGHTS IN VIOLATION OF CIVIL RIGHTS [CAL. CIV. CODE §
52.1]; VIOLATION OF CIVIL RIGHTS IN VIOLATION OF CIVIL RIGHTS [42 U.S.C. 1983]

Gibson, Dunn &
Crutcher LLP

3.     Defendant TEGSCO, LLC dba SAN FRANCISCO AUTO RETURN ("AUTO RETURN") is a California limited liability company with a principal place of business in the City and County of San Francisco, and is contracted by the defendant CITY AND COUNTY OF SAN FRANCISCO to perform towing, storage, and disposal services of vehicles.

4.     Defendant ANTHONY AZEBEDO is an individual. Plaintiff is informed, believes, and on that basis alleges that ANTHONY AZEBEDO is, and at all times mentioned in this complaint was, a resident of the City and County of San Francisco.

5.     Plaintiff is ignorant at this time of the true names and capacities of defendants sued herein as DOES 1-60, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is negligently or intentionally responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries were proximately caused by their negligent or intentional acts or omissions. Plaintiff is informed and believes that DOES 1-20, inclusive, were agents, employees, or servants of the CITY AND COUNTY OF SAN FRANCISCO at all times alleged herein. Plaintiff is informed and believes that Defendants DOES 21-40, inclusive, were agents, employees, or servants of AUTO RETURN at all times alleged herein.

6.     Plaintiff is informed and believes, and thereon alleges that, at all time mentioned herein, defendants, and each of them, including DOES 41-60, inclusive, were the agents, servants, employees, or joint venturers of their co-defendants, and that in doing the acts herein alleged they were acting within the scope, course, and authority of said agency, employment, or joint venture. Each and every defendant, as aforesaid, when acting as principal, was negligent in the selection and hiring of each and every other defendant as an agent, servant, employee or joint venturer.

**Factual Allegations**

7.     On June 2, 2004, plaintiff purchased a truck for $2000. Shortly after purchasing this truck, plaintiff loaded a large number of antiques and collectables onto the truck. Plaintiff estimates

2

Gibson, Dunn & Crutcher LLP

1   the total value of the collectables and antiques plaintiff loaded onto her truck was approximately

2   $30,000.

3       8.      On or about June 6, 2004, defendant CITY AND COUNTY OF SAN FRANCISCO,

4   by and through its agents, employees and servants, authorized the tow of plaintiffs' truck.

5       9.      Shortly after plaintiff's truck was towed, an investigatory police hold was placed on

6   plaintiff's truck by the police department of defendant CITY AND COUNTY OF SAN

7   FRANCISCO. Plaintiff is informed and believes and thereon alleges that the investigatory police

8   hold was placed on June 24, 2004.

9       10.     Plaintiff is informed, believes and thereon alleges that the investigatory police hold

10  was authorized by defendant JOSEPH NANNERY, a police officer employed by the CITY AND

11  COUNTY OF SAN FRANCISCO.

12      11.     Plaintiff first learned that the investigatory police hold on her truck had been lifted in

13  May of 2005, nearly one year after the truck had been initially towed, when defendant AUTO

14  RETURN notified plaintiff that the investigatory police hold on her truck had been lifted.

15      12.     AUTO RETURN informed plaintiff that in order to recover her truck she would need

16  to obtain a police release from defendant CITY AND COUNTY OF SAN FRANCISCO.

17      13.     After learning that the investigatory police hold on her truck had been lifted, plaintiff

18  attempted to obtain the required police release from the CITY AND COUNTY OF SAN

19  FRANCISCO. Plaintiff tendered to the CITY AND COUNTY OF SAN FRANCISCO payment of

20  the required fee for obtaining a police release on multiple occasions. On each occasion, the CITY

21  AND COUNTY OF SAN FRANCISCO, by and through its agents, employees, and servants, refused

22  to issue plaintiff the required police release. Plaintiff was informed by agents, employees and

23  servants of the CITY AND COUNTY OF SAN FRANCISCO that even though Plaintiff tendered of

24  payment of the required fee, the CITY AND COUNTY OF SAN FRANCISCO had no record of her

25  vehicle and therefore could not issue a police release.

26      14.     Plaintiff was further informed by agents, employees, and servants of the CITY AND

27  COUNTY OF SAN FRANCISCO that she should contact defendant JOSEPH NANNERY to obtain

28                                          3

Gibson, Dunn & Crutcher LLP

1   a police release. Plaintiff contacted defendant JOSEPH NANNERY in person and by telephone on

2   multiple occasions in order to obtain the police release. Each time plaintiff contacted defendant

3   JOSEPH NANNERY to obtain the police release, he refused to issue or assist plaintiff in obtaining

4   the police release plaintiff needed to recover her truck and its contents.

5        15.   In July of 2005, plaintiff spoke with defendant AUTO RETURN's agent, Dan

6   Scanlan, and agreed to pay the required towing fees in exchange for return of plaintiff's truck.

7   AUTO RETURN, by and through its agent Dan Scanlan, said that it would help plaintiff obtain the

8   necessary police release.

9        16.   In late August of 2005, AUTO RETURN, by and through its agent Dan Scanlan,

10   informed plaintiff that her truck had been sold at auction to satisfy plaintiff's obligation to AUTO

11   RETURN. Dan Scanlan told plaintiff that he was "shocked to discover" that her truck had been sold.

12        17.   AUTO RETURN was unable to locate or otherwise account for the large number of

13   valuable antiques and collectables that plaintiff had stored in her truck.

14                     **Procedural Allegations**

15        18.   On or about February 24, 2006, plaintiff through her attorney presented a claim for

16   compensation for losses and damages suffered and incurred by her by reason of the occurrences

17   described in this Complaint to the CITY AND COUNTY OF SAN FRANCISCO, by mailing a claim

18   to the San Francisco Office of the Controller, all in compliance with the requirements of Government

19   Code Section 905. A copy of the claim is attached hereto as Exhibit 1 and made a part hereof.

20        19.   On or about April 21, 2006, plaintiff received through her attorney by mail a letter

21   entitled "NOTICE OF ACTION UPON CLAIM" from the CITY AND COUNTY OF SAN

22   FRANCISCO, denying her claim in its entirety. The NOTICE OF ACTION UPON CLAIM was

23   dated April 19, 2006, and signed by Naomi Willis, Investigator for the City Attorney of San

24   Francisco, and informed plaintiff that she had six months from the date of the NOTICE OF ACTION

25   UPON CLAIM to file a claim against the CITY AND COUNTY OF SAN FRANCISCO. A true and

26   correct copy of this NOTICE OF ACTION UPON CLAIM is attached hereto as Exhibit 2 and made a

27   part hereof.

28

4

Gibson, Dunn &
Crutcher LLP

COMPLAINT FOR DAMAGES FOR FAILURE TO DISCHARGE STATUTORY DUTY; NEGLIGENCE,<br>FALSE IMPRISONMENT; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; MALICIOUS<br>PROSECUTION; VIOLATION OF CIVIL RIGHTS IN VIOLATION OF CIVIL RIGHTS [CAL. CIV. CODE §<br>52.1]; VIOLATION OF CIVIL RIGHTS IN VIOLATION OF CIVIL RIGHTS [42 U.S.C. 1983]

# FIRST CAUSE OF ACTION

**Failure to Discharge Statutory Duty Pursuant to California Government Code Section 815.6**

Plaintiff alleges the following against defendants CITY AND COUNTY OF SAN FRANCISCO, JOSEPH NANNERY, and DOES 1-20:

20.    Plaintiff realleges as though fully set forth at length and incorporates herein by reference all the allegations in paragraphs 1 through 19 above.

21.    Defendant CITY AND COUNTY OF SAN FRANCISCO, and its agents defendant JOSEPH NANNERY and DOES 1-20 are liable for failure to discharge a mandatory duty pursuant to California Government Code Section 815.6.

22.    San Francisco Ordinance 292-94 (codified as Section 170.2-A of the San Francisco Traffic Code) and the rules and the regulations promulgated thereunder authorizes defendant CITY AND COUNTY OF SAN FRANCISCO to charge an administrative fee for vehicles towed by the San Francisco Police Department and to issue a police release only when this fee is paid.  San Francisco Ordinance 292-94 and the rules and the regulations promulgated thereunder expressly or impliedly impose a mandatory duty upon the defendants CITY AND COUNTY OF SAN FRANCISCO, JOSEPH NANNERY, and DOES 1-20 to issue a police release upon tender of the administrative fee references in San Francisco Ordinance 292-94.

23.    The duty imposed on defendants CITY AND COUNTY OF SAN FRANCISCO, JOSEPH NANNERY, and DOES 1-20 to issue a police release upon tender of the administrative fee is imposed to provide for the recovery of one's vehicle after it has been towed and the personal property contained therein, and to prevent such a loss as plaintiff suffered in this case.

24.    The issuance of a police release by defendant CITY AND COUNTY OF SAN FRANCISCO, by and through its agents JOSEPH NANNERY and DOES 1-20, is a ministerial act, not subject to the exercise of discretion.

25.    By failing to issue a police release to plaintiff when she tendered payment of the administrative fee, defendants CITY AND COUNTY OF SAN FRANCISCO, JOSEPH NANNERY,

5

Gibson, Dunn & Crutcher LLP

1  and DOES 1-20 willfully or negligently failed to comply with the mandatory duty imposed by San

2  Francisco Ordinance 292-94 and the rules and regulations promulgated thereunder.

3      26.    The failure of defendants CITY AND COUNTY OF SAN FRANCISCO, JOSEPH

4  NANNERY, and DOES 1-20 to issue the police release to plaintiff when she tendered the required

5  administrative fee was a proximate cause of plaintiff's loss.

6      27.    Plaintiff is informed, believes, and thereon alleges that the refusal of JOSEPH

7  NANNERY and DOES 1-20 to issue a police release to plaintiff was undertaken with malice and

8  oppression, with intent to cause injury to plaintiff and disregard her right to recover her truck and

9  personal property contained therein, justifying the imposition of punitive damages against these

10  defendants.

11      WHEREFORE, Plaintiffs pray for judgment on the First Cause of Action against defendants

12  CITY AND COUNTY OF SAN FRANCISCO, JOSEPH NANNERY, and DOES 1-20 as follows:

13      1.    For loss of personal property the sum of $32,000.

14      2.    For general damages according to proof at the time of trial.

15      3.    For special damages according to proof at the time of trial.

16      4.    For prejudgment interest as permitted by law.

17      5.    For costs of suit incurred.

18      6.    For punitive and exemplary damages as allowed by law

19      7.    For interest at the legal rate according to proof.

20      8.    For such other and additional relief as the court may deem just and proper.

21                    **SECOND CAUSE OF ACTION**

22                         **Negligence**

23  Plaintiff complains of defendants CITY AND COUNTY OF SAN FRANCISCO, JOSEPH

24  NANNERY, and DOES 1-20, and alleges:

25      28.    Plaintiff realleges as though fully set forth at length and incorporates herein by

26  reference all the allegations in paragraphs 1 through 27 above.

27

28

6

Gibson, Dunn &
Crutcher LLP

**COMPLAINT FOR DAMAGES FOR FAILURE TO DISCHARGE STATUTORY DUTY; NEGLIGENCE,
FALSE IMPRISONMENT; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; MALICIOUS
PROSECUTION; VIOLATION OF CIVIL RIGHTS IN VIOLATION OF CIVIL RIGHTS [CAL. CIV. CODE §
52.1]; VIOLATION OF CIVIL RIGHTS IN VIOLATION OF CIVIL RIGHTS [42 U.S.C. 1983]**

29.     Plaintiff was not informed by the CITY AND COUNTY OF SAN FRANCISCO that the police hold on her truck had been lifted until five months after the hold had been lifted, and when she attempted to obtain the necessary police release she was told by agents, employees, and servants of the CITY AND COUNTY OF SAN FRANCISCO that there was "no record of her vehicle."

30.     Defendants CITY AND COUNTY OF SAN FRANCISCO, JOSEPH NANNERY, and DOES 1-20 each owed a duty to plaintiff to inform plaintiff in a timely manner when the investigatory hold on her truck had been lifted, and also to maintain a record of her truck and other vehicles towed and/or subject to holds imposed by the CITY AND COUNTY OF SAN FRANCISCO.

31.     Defendants CITY AND COUNTY OF SAN FRANCISCO, JOSEPH NANNERY and DOES 1-20 each breached a duty owed to plaintiff by failing to by failing to inform her that the hold on her vehicle had been lifted, and by failing to maintain a record of plaintiffs vehicle.

32.     These breaches of the duty owed to plaintiff by defendant CITY AND COUNTY OF SAN FRANCISCO, JOSEPH NANNERY and DOES 1-20, prevented plaintiff from obtaining the police release necessary to recover her vehicle, and was therefore a proximate cause of the loss by plaintiff of her truck and the personal property contained therein.

33.     Defendant CITY AND COUNTY OF SAN FRANCISCO, is liable for injuries proximately caused by negligence of its agents, employees, and servants defendants JOSEPH NANNERY and DOES 1-20 committed within the scope of their employment under California Government Code Section 815.2.

WHEREFORE, Plaintiffs pray for judgment on the Second Cause of Action against defendants CITY AND COUNTY OF SAN FRANCISCO, JOSEPH NANNERY, and DOES 1-20, as follows:

1.  For loss of personal property the sum of $32,000.

2.  For general damages according to proof at the time of trial.

3.  For special damages according to proof at the time of trial.

4.  For prejudgment interest as permitted by law.

Gibson, Dunn &
Crutcher LLP

7

**COMPLAINT FOR DAMAGES FOR FAILURE TO DISCHARGE STATUTORY DUTY; NEGLIGENCE, FALSE IMPRISMONT; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; MALICIOUS PROSECUTION; VIOLATION OF CIVIL RIGHTS IN VIOLATION OF CIVIL RIGHTS [CAL. CIV. CODE § 52.1]; VIOLATION OF CIVIL RIGHTS IN VIOLATION OF CIVIL RIGHTS [42 U.S.C. 1983]**

5. For costs of suit incurred.

6. For interest at the legal rate according to proof.

7. For such other and additional relief as the court may deem just and proper.

## THIRD CAUSE OF ACTION

### False Imprisonment

Plaintiff complains of defendants CITY AND COUNTY OF SAN FRANCISCO, JOSEPH NANNERY, ANTHONY AZEBEDO, and DOES 1-20, and alleges:

34. Plaintiff realleges as though fully set forth at length and incorporates herein by reference all the factual allegations and procedural allegations in paragraphs 1 through 19 above.

35. While plaintiff was attempting to recover her truck at the San Francisco Police Department at 850 Bryant Street in San Francisco, California, defendant JOSEPH NANNERY, acting as a police officer and an employee of defendant CITY AND COUNTY OF SAN FRANCISCO, and accompanied by defendant ANTHONY AZEBEDO, maliciously arrested or otherwise detained plaintiff without her consent, without a warrant of commitment or any other legal authority of any kind. Plaintiff is informed, believes, and thereon alleges that Defendant JOSEPH NANNERY arrested or detained her without reasonable suspicion or probable cause that she had committed a felony or other crime.

36. Plaintiff had not committed a felony or any other public offense prior to her arrest that would justify her arrest or detainment, and was not accused of a crime when she was arrested, or questioned about having committed any crime during her detainment.

37. On information and belief defendant ANTHONY AZEBEDO and DOES 1-20 encouraged, directed, assisted, and acted in conspiracy with defendant JOSEPH NANNERY in unlawfully detaining plaintiff.

38. As a proximate cause of her unlawful arrest or detainment, plaintiff suffered extreme mental anguish.

Gibson, Dunn & Crutcher LLP

COMPLAINT FOR DAMAGES FOR FAILURE TO DISCHARGE STATUTORY DUTY; NEGLIGENCE, FALSE IMPRISONMENT; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; MALICIOUS PROSECUTION; VIOLATION OF CIVIL RIGHTS IN VIOLATION OF CIVIL RIGHTS [CAL. CIV. CODE § 52.1]; VIOLATION OF CIVIL RIGHTS IN VIOLATION OF CIVIL RIGHTS [42 U.S.C. 1983]

39.     The acts of defendants JOSEPH NANNERY, ANTHONY AZEBEDO, and DOES 1-20, as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages.

40.     Defendant CITY AND COUNTY OF SAN FRANCISCO is liable for injuries proximately caused by wrongful acts of its agents, employees, and servants defendants JOSEPH NANNERY and DOES 1-20 committed within the scope of their employment under California Government Code Section 815.2.

WHEREFORE, Plaintiffs pray for judgment on the Third Cause of Action against defendants CITY AND COUNTY OF SAN FRANCISCO, JOSEPH NANNERY, ANTHONY AZEBEDO, and DOES 1-20 as follows:

1.  For general damages according to proof at the time of trial.

2.  For special damages according to proof at the time of trial.

3.  For prejudgment interest as permitted by law.

4.  For costs of suit incurred.

5.  For punitive and exemplary damages as allowed by law

6.  For interest at the legal rate according to proof.

7.  For such other and additional relief as the court may deem just and proper.

## FOURTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

Plaintiff complains of defendants CITY AND COUNTY OF SAN FRANCISCO, JOSEPH NANNERY, ANTHONY AZEBEDO and DOES 1-20, and alleges:

41.     Plaintiff realleges as though fully set forth at length and incorporates herein by reference the allegations in paragraphs 1 through 19 and paragraphs 34 through 40 above.

42.     On information and belief, defendants JOSEPH NANNERY, ANTHONY AZEBEDO, and DOES 1-20 were aware that plaintiff suffered from a mental and emotional disability that caused her to be particularly susceptible to mental anguish caused by stressful situations.

9

COMPLAINT FOR DAMAGES FOR FAILURE TO DISCHARGE STATUTORY DUTY; NEGLIGENCE, FALSE IMPRISONMENT; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; MALICIOUS PROSECUTION; VIOLATION OF CIVIL RIGHTS IN VIOLATION OF CIVIL RIGHTS [CAL. CIV. CODE § 52.1]; VIOLATION OF CIVIL RIGHTS IN VIOLATION OF CIVIL RIGHTS [42 U.S.C. 1983]

43.   The conduct of defendants JOSEPH NANNERY, ANTHONY AZEBEDO, and DOES 1-20 in falsely imprisoning plaintiff, as alleged in paragraph 34 through 40 above and incorporated by reference in paragraph 41 of this cause of action, was extreme, outrageous, and offensive.

44.   Defendant JOSEPH NANNERY and DOES 1-20 also willfully acted in an extreme, outrageous, and offensive manner, calculated to degrade plaintiff and cause her severe emotional distress and anguish in the course of dealing with plaintiff when she attempted to obtain a police release. For example, on several occasions when plaintiff approached defendant JOSEPH NANNERY to obtain the police release as she was instructed to do by other employees of the CITY AND COUNTY OF SAN FRANCISCO, defendant JOSEPH NANNERY informed plaintiff that she had ten seconds to say whatever she wanted to say, and began counting down aloud from ten until he reached zero, at which point he refused to continue listening to plaintiff. On information and belief defendant JOSEPH NANNERY knew that plaintiff was peculiarly susceptible to emotional distress by reason of her mental condition, and that his conduct was likely to cause her severe emotional distress.

45.   On information and belief, the conduct of defendants JOSEPH NANNERY, ANTHONY AZEBEDO, and DOES 1-20 described above was intentional and malicious and done for the purpose of causing plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

46.   As the proximate result of the acts alleged above, plaintiff suffered humiliation, mental anguish, and emotional distress.

47.   The acts of defendants alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

48.   Defendant CITY AND COUNTY OF SAN FRANCISCO is liable for injuries proximately caused by wrongful acts of its agents, employees, and servants defendants JOSEPH NANNERY and DOES 1-20, committed within the scope of their employment under California Government Code Section 815.2.

Gibson, Dunn &
Crutcher LLP

10

1    WHEREFORE, Plaintiffs pray for judgment on the Fourth Cause of Action against defendants

2    CITY AND COUNTY OF SAN FRANCISCO, JOSEPH NANNERY, ANTHONY AZEBEDO and

3    DOES 1-20 as follows:

4       1.   For general damages according to proof at the time of trial.

5       2.   For special damages according to proof at the time of trial.

6       3.   For prejudgment interest as permitted by law.

7       4.   For costs of suit incurred.

8       5.   For punitive and exemplary damages as allowed by law

9       6.   For interest at the legal rate according to proof.

10      7.   For such other and additional relief as the court may deem just and proper.

11                              **FIFTH CAUSE OF ACTION**

12                                 **Malicious Prosecution**

13      Plaintiff complains of defendants CITY AND COUNTY OF SAN FRANCISCO, JOSEPH

14   NANNERY, ANTHONY AZEBEDO and DOES 1-20, and alleges:

15      49.   Plaintiff realleges as though fully set forth at length and incorporates herein by

16   reference all the factual allegations and procedural allegations in paragraphs 1 through 19 above, and

17   also the allegations in paragraphs 34 through 48 above.

18      50.   On information and belief, defendants ANTHONY AZEBEDO, JOSEPH

19   NANNERY, and DOES 1-20 conspired, agreed, and acted in concert and with malice to prosecute a

20   criminal action against plaintiff, and secure the unlawful arrest or detainment of plaintiff, without

21   probable cause or reasonable suspicion that plaintiff had committed a crime.

22      51.   The unfounded criminal action prosecuted against plaintiff was terminated in plaintiffs

23   favor, without charges ever being filed against plaintiff.

24      52.   The malicious and unfounded criminal action against plaintiff caused the investigatory

25   hold to be placed on plaintiffs truck, which was a substantial factor in plaintiff's inability to recover

26   her truck or personal property contained therein and therefore a proximate cause of plaintiff's loss.

27

28
                                              11

---

COMPLAINT FOR DAMAGES FOR FAILURE TO DISCHARGE STATUTORY DUTY; NEGLIGENCE,
FALSE IMPRISONMENT; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; MALICIOUS
PROSECUTION; VIOLATION OF CIVIL RIGHTS IN VIOLATION OF CIVIL RIGHTS [CAL. CIV. CODE §
52.1]; VIOLATION OF CIVIL RIGHTS IN VIOLATION OF CIVIL RIGHTS [42 U.S.C. 1983]

53.     The acts of defendants JOSEPH NANNERY, ANTHONY AZEBEDO, and DOES 1-20, as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages.

54.     Defendant CITY AND COUNTY OF SAN FRANCISCO is liable for injuries proximately caused by wrongful acts of its agents, employees, and servants defendants JOSEPH NANNERY and DOES 1-20 committed within the scope of their employment under California Government Code Section 815.2.

WHEREFORE, Plaintiffs pray for judgment on the Fifth Cause of Action against defendants CITY AND COUNTY OF SAN FRANCISCO, JOSEPH NANNERY, ANTHONY AZEBEDO and DOES 1-20 as follows:

1.  For loss of personal property the sum of $32,000.

2.  For general damages according to proof at the time of trial.

3.  For special damages according to proof at the time of trial.

4.  For prejudgment interest as permitted by law.

5.  For costs of suit incurred.

6.  For punitive and exemplary damages as allowed by law

7.  For interest at the legal rate according to proof.

8.  For such other and additional relief as the court may deem just and proper.

## SIXTH CAUSE OF ACTION

### Negligence

Plaintiff complains of defendants AUTO RETURN, CITY AND COUNTY OF SAN FRANCISCO, and DOES 21-40 inclusive, and alleges:

55.     Plaintiff realleges as though fully set forth at length and incorporates herein by reference all the factual and legal allegations set forth in paragraphs 1 through 19 above.

56.     Defendants AUTO RETURN and DOES 21-40 each owed a duty to plaintiff to preserve her personal property after selling her vehicle at auction.

12

Gibson, Dunn &
Crutcher LLP

57.     After her truck was sold at auction, plaintiff's personal property that was in her truck was lost property within the meaning of California Civil Code Sections 2080 through 2080.10.

58.     On information and belief, AUTO RETURN, by and through its agents DOES 21-40, took possession of plaintiff's lost personal property, and thereby became depositor of that property for plaintiff under California Civil Code Section 2080.  California Civil Code Sections 2080 through 2080.10 imposes a duty on finders of lost property to preserve lost property for the owner for a period of 90 days, and are designed to prevent to sort of harm suffered by plaintiff, namely the loss of her personal property.

59.     After taking possession of plaintiffs personal property that was stored in her truck, defendants AUTO RETURN, by and through its agents DOES 21-40 failed to preserve plaintiffs' personal property for more than a few days, and therefore was in flagrant breach of its duty to plaintiff to preserve plaintiffs property for 90 days as set forth as required by California Civil Code Sections 2080 through 2080.10.

60.     In the alternative, even if defendants AUTO RETURN and DOES 21-40 were not directly subject to the provisions of California Civil Code Sections 2080 through 2080.10 as finders of lost property, these code provisions illustrate the duty of care that defendants AUTO RETURN and DOES 21-40 should have reasonably exercised when in possession of the personal property of another, which duty defendants breached by disposing of plaintiffs personal property after only a few days without notice.

61.     Plaintiff is informed, believes, and thereon alleges that at and around the time defendant AUTO RETURN sold plaintiff's truck, it had plaintiff's telephone number, and could have called her to inform her that her truck had been sold and she needed to recover her property.  The failure of defendants AUTO RETURN and DOES 21-40 to call plaintiff and inform her that her truck had been sold and she needed to recover her personal property was a further breach of the duty of care that these defendants owed to plaintiff.

13

Gibson, Dunn & Crutcher LLP

62.     The negligent or willful breach of a duty of care owed to plaintiff by AUTO RETURN and DOES 21-40 was a proximate cause of plaintiff's loss of the personal property that was stored in her truck.

63.     Defendant CITY AND COUNTY OF SAN FRANCISCO is liable for the wrongful negligent acts of its contracting agent defendant AUTO RETURN.  Towing vehicles is a state function where the exercise of due care and loyalty are of critical importance to the public, and therefore nondelegable.

64.     On information and belief, the defendant CITY AND COUNTY OF SAN FRANCISCO was also negligent in hiring AUTO RETURN and therefore directly liable for the wrongful negligent acts of its contractor AUTO RETURN.

WHEREFORE, Plaintiffs pray for judgment on the Sixth Cause of Action against defendants AUTO RETURN, CITY AND COUNTY OF SAN FRANCISCO, and DOES 21-40 as follows:

1.  For loss of personal property the sum of $30,000.

2.  For general damages according to proof at the time of trial.

3.  For special damages according to proof at the time of trial.

4.  For prejudgment interest as permitted by law.

5.  For costs of suit incurred.

6.  For interest at the legal rate according to proof.

7.  For such other and additional relief as the court may deem just and proper.

## SEVENTH CAUSE OF ACTION

### Conversion

Plaintiff complains of defendants AUTO RETURN, CITY AND COUNTY OF SAN FRANCISCO, and DOES 21-40 inclusive, and alleges:

65.     Plaintiff realleges as though fully set forth at length and incorporates herein by reference all the factual and legal allegations set forth in paragraphs 1 through 19 and 55 through 64 above.

14

COMPLAINT FOR DAMAGES FOR FAILURE TO DISCHARGE STATUTORY DUTY; NEGLIGENCE, FALSE IMPRISONMENT; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; MALICIOUS PROSECUTION; VIOLATION OF CIVIL RIGHTS IN VIOLATION OF CIVIL RIGHTS [CAL. CIV. CODE § 52.1]; VIOLATION OF CIVIL RIGHTS IN VIOLATION OF CIVIL RIGHTS [42 U.S.C. 1983]

Gibson, Dunn &
Crutcher LLP

66.   After her truck was sold by AUTO RETURN, plaintiff had a right to possession of her personal property that was stored on her truck.

67.   Plaintiff is informed, believes, and thereon alleges that AUTO RETURN, by and through its agents, employees, and servants DOES 21-40 inclusive, willfully interfered with plaintiff's possession of her personal property.

68.   When she asked what had happened to the property in her truck, plaintiff was informed by agents, employees, and servants of its contractor AUTO RETURN that her property had been donated to the Salvation Army.  However, plaintiff conducted a through investigation, and discovered that no property similar to the property on her truck was received by any Salvation Army in the Bay Area.

69.   On information and belief, plaintiff alleges that DOES 21-40, acting as agents, employees, and servants of AUTO RETURN, willfully took possession of plaintiffs personal property and converted it to their own personal use.

70.   On information and belief, the willful conversion of AUTO RETURN, by and through its agents, employees, and servants DOES 21-40 inclusive, was wanton, malicious, and oppressive, and justifies the awarding of punitive damages.

71.   Defendant CITY AND COUNTY OF SAN FRANCISCO is liable for the wrongful willful acts of its contracting agent defendant AUTO RETURN.  Towing vehicles is a state function where the exercise of due care and loyalty are of critical importance to the public, and therefore nondelegable.

72.   On information and belief, defendant CITY AND COUNTY OF SAN FRANCISCO was also negligent in hiring AUTO RETURN and therefore directly liable for the wrongful willful acts of AUTO RETURN.

WHEREFORE, Plaintiffs pray for judgment on the Seventh Cause of Action against defendants AUTO RETURN, CITY AND COUNTY OF SAN FRANCISCO, and DOES 21-40 as follows:

1.   For loss of personal property the sum of $30,000.

15

COMPLAINT FOR DAMAGES FOR FAILURE TO DISCHARGE STATUTORY DUTY; NEGLIGENCE, FALSE IMPRISONMENT; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; MALICIOUS PROSECUTION; VIOLATION OF CIVIL RIGHTS IN VIOLATION OF CIVIL RIGHTS [CAL. CIV. CODE § 52.1]; VIOLATION OF CIVIL RIGHTS IN VIOLATION OF CIVIL RIGHTS [42 U.S.C. 1983]

Gibson, Dunn &
Crutcher LLP

2. For general damages according to proof at the time of trial.

3. For special damages according to proof at the time of trial.

4. For prejudgment interest as permitted by law.

5. For costs of suit incurred.

6. For punitive and exemplary damages as allowed by law

7. For interest at the legal rate according to proof.

8. For such other and additional relief as the court may deem just and proper.

## EIGHTH CAUSE OF ACTION

### Violation of Civil Rights in Violation of California Civil Code Section 52.1

Plaintiff complains of defendants AUTO RETURN, CITY AND COUNTY OF SAN FRANCISCO, JOSEPH NANNERY, ANTHONY ALZEBEDO, and DOES 1-60 inclusive, and alleges:

73. Plaintiff realleges as though fully set forth at length and incorporates herein by reference all the allegations set forth in paragraphs 1 through 72 above.

74. Defendants, each of them and all of them, failed to either establish or follow procedures through which it was possible for plaintiff could recover her personal property.

75. Instead, defendants, each of them and all of them, acted in such a manner that prevented plaintiff, despite her extraordinary efforts, from recovering her truck or the valuable personal property contained therein.

76. In so doing, defendants, each and all of them, interfered by force, coercion and intimidation, with rights conferred upon plaintiff by the Constitution of the United States, the Constitution of California, and the Laws of the State of California, by unlawfully depriving plaintiff of her personal property without due process or just compensation in violation of California Civil Code Section 52.1.

77. As a direct consequence of these violations of plaintiff's legal rights, plaintiff lost possession of her truck, and many thousands of dollars of antiques and collectables contained therein.

16

Gibson, Dunn & Crutcher LLP

WHEREFORE, Plaintiffs pray for judgment on the Eighth Cause of Action against defendants AUTO RETURN, CITY AND COUNTY OF SAN FRANCISCO, JOSEPH NANNERY, ANTHONY ALZEBEDO, and DOES 1-60 as follows:

1. For loss of personal property the sum of $32,000.

2. For general damages according to proof at the time of trial.

3. For special damages according to proof at the time of trial.

4. For prejudgment interest as permitted by law.

5. For costs of suit incurred.

6. For punitive and exemplary damages as allowed by law

7. For interest at the legal rate according to proof.

8. For such other and additional relief as the court may deem just and proper.

## NINTH CAUSE OF ACTION

### Violation of Civil Rights under United States Code Section 1983

Plaintiff complains of defendants AUTO RETURN, CITY AND COUNTY OF SAN FRANCISCO, JOSEPH NANNERY, ANTHONY ALZEBEDO, and DOES 1-60 inclusive, and alleges:

78. Plaintiff realleges as though fully set forth at length and incorporates herein by reference all the allegations set forth in paragraphs 1 through 77 above.

79. The actions by all defendants, and each of them, in towing, storing, and ultimately disposing of plaintiffs truck and personal property constituted action "under color of any statute, ordinance, regulation, custom, or usage, of [a] State" within the meaning of 42 U.S.C. 1983. *See Stypmann v. City and County of San Francisco*, 557 F.2d 1338, 1342–45 (9th Cir. 1977).

80. Defendants, each of them and all of them, failed to either establish or follow procedures through which it was possible for plaintiff could recover her personal property. Instead, Defendants acted in such a manner prevented plaintiff, despite her extraordinary efforts, from recovering her personal property.

17

COMPLAINT FOR DAMAGES FOR FAILURE TO DISCHARGE STATUTORY DUTY; NEGLIGENCE, FALSE IMPRISONMENT; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; MALICIOUS PROSECUTION; VIOLATION OF CIVIL RIGHTS IN VIOLATION OF CIVIL RIGHTS [CAL. CIV. CODE § 52.1]; VIOLATION OF CIVIL RIGHTS IN VIOLATION OF CIVIL RIGHTS [42 U.S.C. 1983]

Gibson, Dunn &
Crutcher LLP

81.     In doing so, defendants, each of them and all of them, subjected plaintiff or caused plaintiff to be subjected to the deprivation of rights, privileges, or immunities secured by the Constitution and laws, in violation of 42 U.S.C. 1983, by unlawfully depriving plaintiff of her personal property without due process or just compensation.

82.     As a direct consequence of these violations of plaintiff's constitutional and legal rights, plaintiff lost possession of her truck, and thousands of dollars of antiques contained therein.

WHEREFORE, Plaintiffs pray for judgment on the Ninth Cause of Action against defendants AUTO RETURN, CITY AND COUNTY OF SAN FRANCISCO, JOSEPH NANNERY, ANTHONY ALZEBEDO, and DOES 1-60 as follows:

1.   For loss of personal property the sum of $32,000.

2.   For general damages according to proof at the time of trial.

3.   For special damages according to proof at the time of trial.

4.   For prejudgment interest as permitted by law.

5.   For costs of suit incurred.

6.   For punitive and exemplary damages as allowed by law

7.   For interest at the legal rate according to proof.

8.   For such other and additional relief as the court may deem just and proper.

### TENTH CAUSE OF ACTION

#### Negligence; Invalid Agency Action

Plaintiff complains of defendants AUTO RETURN, CITY AND COUNTY OF SAN FRANCISCO, JOSEPH NANNERY, and DOES 1-60 inclusive, and alleges:

83.     Plaintiff realleges as though fully set forth at length and incorporates herein by reference all the allegations set forth in paragraphs 1 through 19 above.

84.     San Francisco Municipal Ordinance 292-94 (codified as San Francisco Traffic Code Section 170.2-A) authorizes the San Francisco Police Department to charge an administrative fee as a prerequisite to recovery of a towed vehicle only upon "the owner of a vehicle removed pursuant to Sections 22651(h) , 22651(p), 22655.5, or 2280.5 of the California Vehicle Code." However, as

18

Gibson, Dunn &
Crutcher LLP

1   alleged in paragraph 9 above, plaintiff's truck was towed pursuant to California Vehicle Code Section

2   22651(o). Thus, plaintiff should not have been required to pay an administrative fee or obtain a

3   police release as a prerequisite to recovering her vehicle.

4        85.    Accordingly, plaintiff was improperly prevented from recovering her truck and its

5   contents because she had paid the administrative fee or obtained a police release.

6        86.    Plaintiff is informed and believes, and thereon alleges, that defendant AUTO

7   RETURN and DOES 21-40 negligently refused to return plaintiff's truck to her because they

8   mistakenly believed she needed to obtain a police release to prove she had paid the administrative fee

9   referenced in San Francisco Ordinance 292-94. This negligence prevented plaintiff from recovering

10   her truck and the personal property contained therein, and was therefore a proximately cause of

11   plaintiff's loss.

12        87.    Plaintiff is informed and believes, and on thereon alleges, that defendant CITY AND

13   COUNTY OF SAN FRANCISCO, by and through its agents defendants JOSEPH NANNERY and

14   DOES 1-20, inclusive, negligently and improperly required plaintiff to obtain a police release as a

15   prerequisite to recovering her vehicle. Alternatively, plaintiff is informed and believes, and thereon

16   alleges, that defendant CITY AND COUNTY OF SAN FRANCISCO, by and through its agents

17   defendants JOSEPH NANNERY and DOES 1-20, inclusive, negligently caused plaintiff to be

18   informed that she needed to obtain a police release and obtain an administrative fee to secure the

19   return of her vehicle. This negligent conduct prevent plaintiff from recovering her truck or her

20   property contained therein, and proximately caused plaintiffs loss.

21        WHEREFORE, Plaintiffs pray for judgment on the Tenth Cause of Action against defendants

22   AUTO RETURN, CITY AND COUNTY OF SAN FRANCISCO, JOSEPH NANNERY, and DOES

23   1-60 as follows:

24        1.  For loss of personal property the sum of $32,000.

25        2.  For general damages according to proof at the time of trial.

26        3.  For special damages according to proof at the time of trial.

27        4.  For prejudgment interest as permitted by law.

28

19

Gibson, Dunn &
Crutcher LLP

5. For costs of suit incurred.

6. For punitive and exemplary damages as allowed by law

7. For interest at the legal rate according to proof.

8. For such other and additional relief as the court may deem just and proper.

DATED:  October 19, 2006

GIBSON, DUNN & CRUTCHER LLP
SCOTT FINK
GALEN LEMEI

By: *Galen Lemei*

Galen D. Lemei

Attorney for ELIZABETH DRURY

100095796_1.DOC

20

Gibson, Dunn &
Crutcher LLP

# EXHIBIT 1

# GIBSON, DUNN & CRUTCHER LLP

## LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

One Montgomery Street  San Francisco, California 94104-4505

(415) 393-8200

www.gibsondunn.com

GLemei@gibsondunn.com

## February 23, 2006

Direct Dial
(415) 393-8277

Client No.
[51356-00084]

Fax No.
(415) 986-5309

Office of the Controller
ATTN: CLAIMS
City Hall Room 396
#1 Dr. Carlton B. Goodlett Place
San Francisco, CA 94102-4694

Re:    *Claim for Damages Against the City and County of San Francisco
       Pursuant to California Government Code Section 905*

To the Office of the Controller:

Please find enclosed Elizabeth Drury's claim for damages against the City and County of San Francisco. Ms. Drury's injuries were sustained when her truck, filled with valuable antiques and collectables, was wrongfully towed and held by the San Francisco Police Department, and ultimately disposed of without notice by San Francisco Auto Return, the towing contractor for the City and County of San Francisco.

Enclosed as Attachment A is a description of Ms. Drury's claim and injuries. Ms. Drury sustained damages in excess of $25,000 and will be filing an unlimited civil claim. Pursuant to California Government Code Section 910, Ms. Drury's damages are not quantified in this claim. However, enclosed as Attachment B are a number of receipts and appraisals for some of the items lost by Ms. Drury. These represent only a fraction of Ms. Drury's damages, and are provided only to give an indication of the scope of Ms. Drury's loss.

LOS ANGELES   NEW YORK   WASHINGTON, D.C.   SAN FRANCISCO   PALO ALTO
LONDON   PARIS   MUNICH   BRUSSELS   ORANGE COUNTY   CENTURY CITY   DALLAS   DENVER

GIBSON, DUNN & CROTCHER LLP

Office of the Controller
February 23, 2006
Page 2


Thank you in advance for your consideration of this matter.  Please direct all correspondence relating to this matter to me.


Very truly yours,

*Galen Lemei*

Galen Lemei
Attorney for Elizabeth Drury

GDL/gdl

40222763_1.DOC

# CLAIM AGAINST THE CITY AND COUNTY OF SAN FRANCISCO

Before completing this form, please read the instructions on the back. You have only **6 months** from the date of incident to submit this form and supporting documentation to the Controller or the Clerk of the Board of Supervisors.

| 1. Claimant's Name and Home Address (Please Print Clearly) | 2. Send Official Notices and Correspondence to: |
|---|---|
| Elizabeth Drury | Galen Lemei |
| 553 Gates Street | Gibson, Dunn & Crutcher, LLP; 1 Montgomery Street, Suite 3100 |
| **City** San Francisco, CA   **Zip** 94110 | **City** San Francisco, CA   **Zip** 94104 |
| **Telephone** Daytime (415) 374-5828  Evening (415) 282-6935(msg) | **Telephone** Daytime (415) 393-8277  Evening (415) 407-9118 (cell) |

| 3. Date of Birth | 4. Social Security Number | 5. Date of Incident | 6. Time of Incident (AM or PM) |
|---|---|---|---|
| November 19, 1950 | 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 | August 25, 2005 (date truck disposed of) | N/A |

| 7. Location of Incident or Accident | 8. Claimant Vehicle License Plate #, Type and Year |
|---|---|
| San Francisco Auto Return, Pier 70, Long-term Storage Lot (last seen location of truck). | 1990 Ford Truck 3500 License #: 4J16275; VIN #: 1FDNR72P5LVA39409 |

**9. Basis of Claim.** State in detail all facts and circumstances of the incident. Identify all persons, entities, property and City departments involved. State why you believe the City is responsible for the alleged injury, property damage or loss.

See Attachment A

| Name, I.D. Number and City Department of City Employee who allegedly caused injury or loss | Type of City Vehicle | Vehicle License Number and Bus or Train Number |
|---|---|---|
| See Attachment A for city personel involved | | |

| 10. Description of Claimant's Injury, property damage or loss | 11. Amount of Claimant's property damage or loss and method of computation. Attach supporting documentation. (See Instructions) |
|---|---|
| See Attachment A | **ITEMS** |
| | See Attachment A.   $ _____ |
| | Attachment B contains a PARTIAL   $ _____ |
| | list of items lost, and is NOT a   $ _____ |
| | full account of Ms. Drury's damages.   $ _____ |
| | **TOTAL AMOUNT**   $ _____ |
| | Court Jurisdiction: Limited Civil ☐   Unlimited Civil ☒ |

**12. Witnesses (if any) Name** — ~~Address~~ — **Telephone**

| | | | |
|---|---|---|---|
| 1. | Claire Graves | (can attest to value of collection) | 415-374-1176 |
| 2. | George Feldman | (can attest to value of collection) | 415-380-9803 |

**13.**

*Galen Lemei*
Signature of Claimant or Representative

2/23/2006
Date

*Galen Lemei*
Print Name

*Attorney*
Relationship to Claimant

**Do Not Write In This Space**

CRIMINAL PENALTY FOR PRESENTING A FALSE OR FRAUDULENT CLAIM IS IMPRISONMENT OR FINE OR BOTH. (PENAL CODE §72)

CA/FORM 2. 2/01

# ATTACHMENT A

## ATTACHMENT A

The following represents Elizabeth Drury's preliminary assessment of her claim and injuries. This is not intended to represent all of Ms. Drury's potential factual or legal arguments. All factual and legal assertions are subject to revision and further proof.

### 9. Basis of Claim:

Ms. Drury's truck, filled with valuable antiques and collectables, was wrongfully towed by the San Francisco Police Department ("the Police Department") of the City and County of San Francisco ("the City"). Ms. Drury's subsequent attempts to recover her vehicle were thwarted by the Police Department's refusal to issue a police release. Ultimately, her truck and all of its contents, were disposed of on August 25, 2005, by the City and County of San Francisco's towing contractor, San Francisco Auto Return.

#### Misconduct by the San Francisco Police Department

Ms. Drury's truck was towed by Officer Maurice Edwards of the Police Department on June 6, 2004.[1] Shortly after the truck was towed, a police hold was placed on the vehicle by Inspector Nannery of the San Francisco Police Department. The hold was apparently placed because an individual named Anthony Azebedo had accused Ms. Drury of steeling some of his property, and keeping it in her truck.

Inspector Nannery's actions indicate he was extremely biased against Ms. Drury. He was belligerent and disrespectful to Ms. Drury on numerous occasions, and conducted his investigation of Ms. Drury in an unprofessional manner. For example, soon after Mr. Azevedo made his report, Inspector Nannery told Ms. Drury that she should "prepare to be arrested." Weeks later, when Ms. Drury was at 850 Bryant attempting to recover her truck, Inspector Nannery and Mr. Azevedo approached her and hauled her into a cell at 850 Bryant, where she was detained for some time. This confinement was apparently motivated solely by a desire to harass Ms. Drury, as she was not questioned about any purported crime. Ms. Drury suspects Inspector Nannery had a prior association with Mr. Azevedo.

---

[1] The nominal justification for the tow is unclear. When Ms. Drury spoke with Officer Edwards at the scene shortly after the truck was towed, she was told the truck was towed because it was parked illegally. Later in the same conversation Officer Edwards said it was towed because it did not have a license plate (which it did). Later still, Dan Scanlan of San Francisco Auto Return indicated the truck was towed because its registration was more than four months expired, under what he described as the "Scoff Law," Cal. Veh. Code § 22651 (o) (which in fact provides that a vehicle may be towed when it is "is found . . . with a registration expiration date in excess of *six months* before the date it is found" (emphasis added)). None of these explanations on their face justify the tow.

Ms. Drury was never charged with any crime relating to Mr. Azevedo's supposedly stolen property. Nonetheless, the police hold inexplicably remained on the truck for almost six months. The hold was finally lifted by Officer Dean Marcic in December of 2005. However, the Police Department willfully or negligently failed to notify either Ms. Drury or San Francisco Auto Return ("Auto Return") that the hold had been lifted. According to Mr. Scanlan of Auto Return, he did not discover the hold had been lifted until many months later, and Ms. Drury did not learn the hold was lifted until May of 2005, nearly a year after her truck was initially towed.

Because Ms. Drury's automobile had been towed by the police department and had been the subject of a police investigation, she was required to obtain a police release to recover her vehicle from Auto Return (although she was never accused of any crime). However, Inspector Nannery refused to issue the necessary release, despite repeated pleas from Ms. Drury to do so. Officer Susan Meyers at 850 Bryant informed Ms. Drury that there was "no record of her vehicle," and therefore a police release could not be issued.

On information and belief, Inspector Nannery willfully obstructed access to Ms. Drury's records, thereby preventing her from obtaining a release. In addition, Ms. Drury was denied a police release due to the negligence of agents of the City, including but not necessarily limited to Officer Meyer, Inspector Nannery, and Officer Marcic. All agents of the San Francisco Police Department knew Ms. Drury could not recover her vehicle or its contents without the police release.

<u>Misconduct by Auto Return, Towing Contractor for the City of San Francisco</u>

Ultimately, Ms. Drury's truck and its contents were wrongfully disposed of by Auto Return without notice to Ms. Drury, in violation of California Vehicle Code Section 22851.4. That section references the lien sale procedures under California Civil Code Sections 3067 to 3074, which require that before a vehicle may be disposed of notice must be given to the registered owner *and to any other person known to have in interest in the vehicle*. Although the truck was not yet registered in Ms. Drury's name when it was towed,[2] she was in constant contact with Dan Scanlan, vice president of Auto Return, throughout the period of time the truck was in Auto Return's possession. At all relevant times Auto Return knew that the truck and its contents belonged to Ms. Drury. Auto Return also had Ms. Drury's address and telephone number, and could have easily contacted her. Thus, Auto Return was required to give Ms. Drury notice before they disposed of her vehicle, even if she was not the registered owner, because she was a person "known to have an interest in the vehicle." Cal. Civil Code 3072(b).

Mr. Scanlan himself stated that he was "shocked to discover" that Ms. Drury's vehicle and its contents had disappeared. On information and belief, the valuable collection of antiques and collectables in Ms. Drury's truck was willfully converted by agents of Auto Return. *See* Cal.

---

[2] Ms. Drury had purchased her truck for $1200 on June 2, 2004, less than four days before it was towed by the city, and as a consequence she had not yet registered the vehicle in her name with the California Department of Motor Vehicles.

Veh. Code § 22851(b) ("No lien shall attach to any personal property in or on the vehicle.")  At the very least, by disposing of Ms. Drury's truck and all of the personal property enclosed therein without giving Ms. Drury the notice required by law, Auto Return's conduct was reckless or negligent per se, as Ms. Drury is a member of the class of persons protected by California Vehicle Code Section 22851.4.  *See* Cal. Evid. Code § 669(a) (providing that negligence is presumed where a violation of a law causes injury to a victim, and the victim is among the class of persons protected by the law).

### Liability of the City for Auto Return's Misconduct

In addition to being liable for the misconduct of its agents at the Police Department, the City is responsible for the wrongful acts of its subcontracting agent Auto Return.  While it is sometimes said that an employer is not liable for the torts of an independent contractor, "considerations of policy frequently call for departure" from this general rule.  *Van Ardale v. Hollinger*, 68 Cal. 2d 245, 253 (1968) (enumerating reasons for departing from the general rule, including that "the enterprise, notwithstanding the employment of the independent contractor, remains the employer's because he is the party primarily to be benefited by it," that the employer "selects the contractor," and when "the performance of the duty is of great benefit to the public"); *see generally* 6 Witkin, Summary of California Law (Torts) § 1236 (10th ed. 2005) ("[I]t seems proper to say that nonliability [of an employer for an independent contractor] is the exception; *i.e.*, the so-called general rule is followed only where no good reason is found for departing from it.")

There are many reasons for holding the City accountable for Auto Return's misconduct. The City has licensed Auto Return to take and keep custody of citizens' private property.  This is a state function where the exercise of due care and loyalty are of critical importance to the public.  Duties owed in the performance of a public function are generally nondelegable. *C.f.* 6 Witkin §§ 1248, 1253 (discussing the non-delegability of work performed under public license and under public franchise respectively).  Thus, when a municipality authorizes the taking of the private property of citizens, it has a nondelegable duty to see to it that the constitutionally protected property of citizens is lawfully cared for.  In addition, the City also has a history of hiring less than reputable towing contractors,[3] and was negligent in retaining Auto Return for this service.

---

[3]  The former towing contractor "City Tow" has been accused of engaging in various fraudulent practices by both private citizens and the City.  *See, e.g.*, Office of the City Attorney of the City and County of San Francisco, *Herrera Moves To Halt City Tow Overcharges*, http://www.sfgov.org/site/cityattorney_page.asp?id=26658 (Online Press Release, July 28, 2004) (noting the then ongoing litigation, *City and County of San Francisco and the People of the State of California v. People v. Pick Your Part Auto Wrecking*, San Francisco Superior Court Case No. 322-841).

3

## State Action in Violation of Right to Due Process

Finally, the taking and disposal of Ms. Drury's truck and the property contained therein by the City and Auto Return without prior notice or hearing was a state action in violation of Ms. Drury's right to due process of law, guaranteed by the Fourteenth Amendment to the United States Constitution. This gives rise to an action under 42 U.S.C. Section 1983 against both the City and Auto Return. *See Stypmann v. City and County of San Francisco*, 557 F.2d 1338, 1342–45 (9th Cir. 1977) (finding the towing and storing of automobiles without an opportunity for a hearing to constitute state action infringing on constitutional due process protections, giving rise to a Section 1983 claim against the City and County of San Francisco).

### 10. Description of Injury; 11. Method of Computation of loss

The antiques and collectables in Ms. Drury's truck had a replacement value well in excess of $25,000. Consequently, she will be filing an unlimited civil claim.

Ms. Drury purchased a number of the items in her truck from Claire Graves, who formerly owned and operated an antique store in San Francisco called "Living Pieces." Ms. Graves and her bookkeeper, Janet Hanna are able to attest to the value of a substantial portion of Ms. Drury's collection, as Ms. Graves sold or appraised a number of the items lost with Ms. Drury's truck. Copies of receipts and appraisals for items purchased from or appraised by Ms. Graves that were lost when Ms. Drury's truck was disposed of are attached to this form as Attachment B. These record describe items with a total value of more than $10,000. This represents only a fraction of the value of Ms. Drury's lost collection.

Ms. Graves and Ms. Hanna can attest to the value of many items not reflected in these receipts and appraisals. Furthermore, Ms. Graves was only one of one of the several collectors Ms. Drury dealt with. For example, Ms. Drury had a portion of her collection appraised Mr. George Feldman, an antique dealer in Mill Valley, and Mr. Feldman will be able to further attest to the value of her collection. Ms. Drury is attempting to contact other antique dealers in the bay area who can attest to the value of her former collection.

Ms. Drury also seeks to recover damages for the loss of her truck, which she believes to have been of considerably greater value than the $1200 she paid for it two days before it was towed. She may also seek compensation for injury caused by the willful harassment by Inspector Nannery. Ms. Drury is also eligible to recover costs and attorney's fees under 42 U.S.C. Section 1983.

4

# ATTACHMENT B

# ATTACHMENT B

The following are receipts and appraisal forms for certain items that were on Ms. Drury's truck when it was towed. These are the records of the San Francisco antique and collectables store "Living Pieces," formerly owned and operated by Claire Graves. These items were purchased from or appraised by Ms. Graves. These are only a few of the items lost by Ms. Drury. Also, because Ms. Drury had an ongoing relationship with Ms. Graves, many items had resale value greater than the price paid by Ms. Drury. Consequently, these records substantiate only a small fraction of the total value of Ms. Drury's lost collection, and are provided only to provide an indication of the quality and value of Ms. Drury's collection. This is not a full description of Ms. Drury's damages.

Ms. Drury is in the process of contacting other antique dealers she had dealings with who can further attest to the value of her former collection.

## Index of Attached Records

| Doc # | Record | Date | Description of Item | Value ($) |
|---|---|---|---|---|
| 1 | Receipt | 11/15/1995 | Hand Carved Momma Bear With Baby Bear | 434.00 |
| 2 | Receipt | 12/2/1995 | Mirror in Art Nuvoe Form 4.5 X 3.5 | 434.00 |
| 3 | Receipt | 10/22/1995 | Hand Carved Old Man's Face | 325.00 |
| 4 | Receipt | 11/11/1996 | Hand Carved Walking Stick with Birds of Paradise, Leaves Entwined. | 217.00 |
| 5 | Receipt | 12/5/1996 | Rosewood Antique Bedroom Set | 3472.00 |
| 6 | Receipt | 8/20/1997 | Antique Chocolate Pot with 6 cups, Forgive-Me-Nots & Violets Pattern | 298.40 |
| 7 | Receipt | 1/17/1995 | Vintage Fishing Set (with Reel, Catch net & Flys), and Collapsing Flyleed & Reel | 281.10 |
| 8 | Receipt | 1/6/1996 | Christening Gourd (and other illegible) | 119.35 |
| 9 | Receipt | 7/7/1998 | 3.5 Diameter 19th Century item (illegible) | 651.00 |
| 10 | Receipt | 5/21/1996 | Hand Made Hand Painted Quaker Blanket | 922.25 |
| 11 | Receipt | 6/10/1998 | Mirror Based Cut Glass Vanity Tray | 406.87 |
| 12 | Receipt | 6/24/1996 | Magic Wand and Base for Crystal Ball | 596.75 |
| 13 | Receipt | 02/1998 | Arts and Crafts Bowl | 227.95 |
| 14 | Appraisal Form | (Undated) | Appraisal of 40.5 lbs of Marbles at $620, and eleven miscellaneous items (e.g. Horses head, Girls Form, Birds in Flight, etc.) at $1,100.00. | 1720.00 |
| | | | **Total Value Reflected in Records** | **$10,105.68** |

40222764_1.DOC



Document 2 of 14





Document 4 of 14





9/21/2005

| CUSTOMER'S ORDER NO. | | | | | DATE | 1-17-95 |
|---|---|---|---|---|---|---|
| NAME | | | | | | |
| ADDRESS | | | | | | |
| CITY, STATE, ZIP | | | | | | |

| SOLD BY | CASH | C.O.D. | CHARGE | ON ACCT. | MDSE. RETD. | PAID OUT |
|---|---|---|---|---|---|---|

| QUAN. | DESCRIPTION | AMOUNT |
|---|---|---|
| 1 | *Vintage fishing lures* | |
| 2 | *Creel, catch net* | |
| 3 | *& flys (8) in custom* | |
| 4 | *basket with* | |
| 5 | *Shoulder Strap* | |
| 6 | *& other "on* | |
| 7 | *Release" Snaps* | 18.00 |
| 8 | | |
| 9 | *collapsing flyrod* | |
| 10 | *& reel* | 1/00 |
| 11 | | |
| 12 | | |
| | | 21.00 |
| | *Mail & info attached* ( ) | 35.00 |

RECEIVED BY

KEEP THIS SLIP FOR REFERENCE







CUSTOMER'S ORDER NO.     DATE June 10, 98

NAME Elizabeth Dray

ADDRESS

CITY STATE, ZIP Fla.

| SOLD BY | CASH | C.O.D. | CHARGE | ON ACCT. | M'DSE RETD. | PAID OUT |
|---------|------|--------|--------|----------|-------------|----------|
| Ch | X | | | | | |

| QUAN. | DESCRIPTION | AMOUNT |
|-------|-------------|--------|
| 1 | | |
| 2 | Mirror based | 875 00 |
| 3 | Cut glass | |
| 4 | | 3 00 |
| 5 | Vanity tray set | |
| 6 | | |
| 7 | Set included | 406 00 |
| 8 | powder box, hair | Paid |
| 9 | | |
| 10 | receiver, hand mirror | |
| 11 | perfume atomizer | Paid |
| 12 | hair pin box | |

RECEIVED BY

KEEP THIS SLIP FOR REFERENCE

DC3765

# LIVING PIECES

237

June 24, 96

Items purchased by
E. Drury.

1  Magic Wand (crystal on end)   @ 200⁰⁰
1  Base for Crystal Ball   350⁰⁰
   (Phoenix & Dragon made of
   wrought iron)
   13"

550⁰⁰

Total   Sales Tax 46.75

596.75

Receipt Attached.



No. _____   June 24   1996
Received of ELIZABETH DRURY
550⁰⁰ + 46⁷⁵ =
Five Hundred Ninety Six & 75/100 Dollars
$596.75
Rec. by jmh ~ from E. Drury



Payment Arrangement

February 98

CUSTOMER'S ORDER NO.
NAME  12 DMN
ADDRESS  Shape 2
CTY. STATE. ZIP  2th Florizon Cr.
SOLD BY  Mui.A
CASH / C.O.D. / CHARGE / ON ACCT. / MDSE. RETD. / PAID OUT

| QUAN. | DESCRIPTION | AMOUNT |
|---|---|---|
| 1 | Arts 1 Crafts Bowl | |
| 2 | worked w/ Lawrence | 210 00 |
| 3 | on Christmas | 17 95 |
| 4 | Vase | |
| 5 | Double Glaze | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | Dft 50 00 | |
| 10 | 50 March | |
| 11 | | |
| 12 | | |
| RECEIVED BY | | |

KEEP THIS SLIP FOR REFERENCE

THANKS

---

LIVING PIECES
553 GATES
SF Ca. 94110

Payments for Feb. 98

ARTS 1 CRAFTS
BOWL
( Double glazed
6½" diameter)

210 00
17 95
total 227 95

Feb. 98 50 00

3/17/98 Rec'd    35 — 142 95
3/30/98 Rec'd    40 —102 95
4/10/98 Rec'd    55 00 47 95
4/23/98 Rec'd    47 95

PAID IN FULL

Document 13 of 14

# Living Pieces
307 Cortland Ave
San Francisco, Ca. 94110

# *Appraisal Form*

**Customer:** ELIZABETH DRURY
**Contact info**



Marbles — 2 containers
175 lbs
23 lbs
___
405 # of Vintg Marbles

$620 bottle
$100.00
$1,720.00

(you're gift to be kidding! Get on the foot to yourself. The 1/2 yourself or keep 15% a pound in Bulk some myself if to a slot.)

Surface treasure — agates etc

11 Sulfite features

$1 dot/15 each

1. Horse head flowing main
2. girls form
3. Bird in flight (Cocker Spaniel)
4. Dog sitting
5. Dog standing (scotty dog)
6. Boy's face
7. Boy standing w Kite
8. Kitten (cat?)
9. Horse shoe around horses neck
10. 4 leaf clover
11. Clown head

# EXHIBIT 2

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY



DENNIS J. HERRERA                        Naomi Willis
City Attorney                            Investigator

DIRECT DIAL:    (415) 554-3893
E-MAIL:         NAOMI.WILLIS@SFGOV.ORG

April 19, 2006

Galen Lemei Esq.
Gibson, Dunn & Crutcher, LLP
1 Montgomery Street, Ste. 3100
San Francisco, CA 94104

RE:    Claim of Elizabeth Drury / Claim Number 06-02100

       Department:     SFPDTOW  SFPD Towing & Storage Claims
       Incident Date:  August 25, 2005
       Claim Filed:    February 24, 2006

NOTICE OF ACTION UPON CLAIM              PLEASE TAKE NOTICE THAT

An investigation of your client's claim filed with the City and County of San Francisco has revealed no
indication of liability on the part of the City and County. Accordingly, your client's claim is DENIED.

                          WARNING

Subject to certain exceptions, your client has only six (6) months from the date this notice was personally
delivered or deposited in the mail to file a state court action on this claim. See Government Code section
945.6. This time limitation applies only to causes of action arising under California law for which a claim
is mandated by the California Government Tort Claims Act, Government Code sections 900 et. seq.
Other causes of action, including those arising under federal law, may have shorter time limitations for
filing.

                          Very truly yours,

                          DENNIS J. HERRERA
                          City Attorney

                          Naomi Willis
                          Investigator

Claim of:      Elizabeth Drury          Claim Filed:   February 24, 2006

I, Naomi Willis say:  I am a citizen of the United States, over eighteen years of age, and not a party to the within action; that I am employed by the City Attorney's Office of San Francisco, Fox Plaza, 1390 Market Street, Suite 250, San Francisco, CA 94102.

That on April 19, 2006 I served:

NOTICE OF ACTION UPON CLAIM

by placing a true copy thereof in an envelope addressed to:

Galen Lemei Esq.
Gibson, Dunn & Crutcher, LLP
1 Montgomery Street, Ste. 3100
San Francisco, CA  94104

and by then sealing and depositing said envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California.  The mailbox that I deposited said envelope is regularly maintained by the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 19, 2006 at San Francisco, California.

Naomi Willis

DECLARATION OF SERVICE BY MAIL

# EXHIBIT B

# TO

# DEFENDANT'S NOTICE OF REMOVAL

CASE NUMBER: CGC-06-457140 ELIZABETH DRURY VS. CITY AND COUNTY OF SAN FRAN

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

| | |
|---|---|
| **DATE:** | **MAR-23-2007** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 212**<br>**400 McAllister Street**<br>**San Francisco, CA 94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 212 (g)(1) requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

# EXHIBIT C

# TO

# DEFENDANT'S NOTICE OF REMOVAL

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Attorney
3  MONICA F. WILEY, State Bar # 183005
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-3956
6  Facsimile:     (415) 554-3837
   E-Mail:        monica.wiley@sfgov.org
7
   Attorneys for Defendants
8  JOSEPH NANNERY and the
   CITY AND COUNTY OF SAN FRANCISCO

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

NOV 0 8 2006

GORDON PARK-LI, CLERK
BY: _____
        Deputy Clerk

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                     COUNTY OF SAN FRANCISCO

11                       UNLIMITED JURISDICTION

12  ELIZABETH DRURY,                    Case No. 457-140

13          Plaintiff,                  DEFENDANTS JOSEPH NANNERY
                                        AND THE CITY AND COUNTY OF
14       vs.                            SAN FRANCISCO'S ANSWER TO
                                        PLAINTIFF'S UNVERIFIED
15  CITY AND COUNTY OF SAN              COMPLAINT
    FRANCISCO, TEGSCO, LLC dba SAN
16  FRANCISCO AUTO RETURN, JOSEPH       Date Action Filed:    October 19, 2006
    NANNERY, ANTHONY AZEBEDO,           Trial Date:           None set
17  and DOES 1 through 60, inclusive,

18          Defendants.

19

20          Defendant City and County of San Francisco (the "City"), a municipal corporation, and its

21  employee, San Francisco Police Department Inspector Joseph Nannery (collectively "defendants")

22  respond to plaintiff's unverified complaint as follows:

23          Pursuant to section 431.30 of the California Code of Civil Procedure, defendants deny each

24  and every allegation in the complaint.

25

26  ///

27  ///

28                                         1
   _____
   Elizabeth Drury v. City and County of San Francisco          n:\lit\li2006\070560\00409269.doc
   San Francisco Superior Court Case No. 457-140

## SEPARATE AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiff fails to state facts sufficient to constitute a cause of action against any defendant.

### SECOND AFFIRMATIVE DEFENSE

(Assumption of Risk - Peril)

Defendants allege that plaintiff realized and appreciated the alleged danger which presented itself at the time of the happening of the event set forth in the complaint herein; that plaintiff voluntarily placed herself in a position of peril, and that the loss or damage, if any, sustained by plaintiff was caused by said risks which were accepted and voluntarily assumed by plaintiff when engaging in said activity.

### THIRD AFFIRMATIVE DEFENSE

(Assumption of the Risk)

Defendants allege that plaintiff had full knowledge of the risks involved in the activity in which plaintiff was engaged at the time of the incident set forth in the complaint herein; that plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said complaint; and that the loss or damage, if any, sustained by the plaintiff was caused by said risks that were accepted and voluntarily assumed by the plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Defendants allege that the complaint and each and every cause of action therein is barred by the statute of limitations as set forth in California Code of Civil Procedure § 335 *et seq.* and related statutes.

///

///

///

///

2

### FIFTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

Defendants allege that the complaint and each and every cause of action therein is barred because plaintiff failed to use reasonable diligence to mitigate damages allegedly sustained by plaintiff, and said failure bars or reduces the recovery, if any from defendant.

### SIXTH AFFIRMATIVE DEFENSE

#### (Defendants' Acts Not A Proximate Cause)

Defendants state that any act or omission on the part of these answering defendants, their agents or employees, was not the proximate cause of plaintiff's injury.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Denial of Damages)

Defendants deny that plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of any defendant.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Immunity)

Defendants allege the provisions of the California Tort Claims Act of the California Government Code (Government Code §810 *et seq.*) as a measure of the duty of the City and County of San Francisco and its employees.

### NINTH AFFIRMATIVE DEFENSE

#### (Immunity)

Defendants claim the immunities under the applicable provisions of the Government Code, including without limitation sections 820.8, 830-835.4.

### TENTH AFFIRMATIVE DEFENSE

#### (Barred by Tort Claims Act)

Defendants allege that to the extent the complaint includes allegations within the scope of the California Tort Claims Act, the complaint is barred by the following provisions of the California Tort Claims Act: Government Code Sections: 815; 815(b); 815.2(b); 815.4; 818.2; 818.4; 818.6;

3

1  818.7; 818.8; 820; 820(b); 820.2; 820.8; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4;

2  830.6; 830.8; 830.9; 831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.8; 850;

3  80.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 956.4.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Variance Between Tort Claim and Complaint)

Defendants allege that to the extent the complaint includes allegations within the scope of the California Tort Claims Act, plaintiff purported causes of action are limited to those factual allegations and theories of recovery set forth in plaintiff's written government tort claim, if any, and that to the extent that the complaint attempts to enlarge or expand upon those allegations and theories, the complaint fails to state a cause of action and is barred pursuant to Government Code §§905, 910, 911.2, 945.5, 950.2 and related provisions.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Good Faith)

Defendants allege that the employees, officials and agents of defendants were at all times material hereto acting with both subjective and objective good faith in the propriety of their conduct, such that any claim for relief that plaintiff may have is barred by law.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Estoppel)

By reason of plaintiff's own acts and omissions, plaintiff is estopped from seeking any recovery from defendants by reason of the allegations set forth in the complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Frivolous Action)

Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling the defendants to sanctions and appropriate remedies (including without limitation attorney's fees) against plaintiff.

///

///

4

1

### FIFTEENTH AFFIRMATIVE DEFENSE

2

(Failure to Exhaust Administrative Remedies)

3

Defendants allege that plaintiff has failed to exhaust her administrative and/or contractual

4

remedies.

5

### SIXTEENTH AFFIRMATIVE DEFENSE

6

(Unclean Hands)

7

The complaint and each cause of action therein is barred by the doctrine of unclean hands.

8

9

### SEVENTEENTH AFFIRMATIVE DEFENSE

10

(Res Judicata)

11

The complaint and each cause of action therein is barred by the doctrine of *res judicata* and

12

collateral estoppel.

13

### EIGHTEENTH AFFIRMATIVE DEFENSE

14

Defendants allege that the actions complained of are protected by and/or privileged under

15

the doctrine of qualified immunity as set forth in *Anderson v. Creighton*, 107 S. Ct. 3034 (1984),

16

and related cases.

17

### NINETEENTH AFFIRMATIVE DEFENSE

18

Defendants allege that plaintiff can not establish that she was injured as the result of a

19

custom, policy or practice of the City and County of San Francisco, as required under *Monell v.*

20

*Department of Social Services*, 436 U.S. 658 (1978), and related cases.

21

### TWENTIETH AFFIRMATIVE DEFENSE

22

Defendants allege that they are immune from suit pursuant to the immunities set forth in

23

Article 3 of the California Government Code, including but not limited to, sections 820, 820.2

24

(discretionary acts), 820.25 (peace officers or law enforcement officials; decision not to render

25

assistance or to respond to an emergency): 820.8 (acts or omissions of others) and 822.2

26

(misrepresentation).

27

28

# TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants allege that defendants are not liable under the provisions of California Code of Civil Procedure section 425.16 in that any damages to plaintiff as alleged in the Complaint would have resulted from acts or omission committed in the valid exercise of the constitutional right to freedom of speech.

WHEREFORE, defendants pray for judgment as follows:

1.  That plaintiff take nothing from defendant;

2.  That the complaint be dismissed with prejudice;

3.  That defendants recover costs of suit herein, including attorneys' fees; and

4.  For such other relief as is just and proper.

Dated: November 8, 2006

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy

By: _____
MONICA F. WILEY
Deputy City Attorney

Attorneys for Defendants
JOSEPH NANNERY and the
CITY AND COUNTY OF SAN FRANCISCO

6

## PROOF OF SERVICE

I, PAMELA CHEESEBOROUGH, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

On November 8, 2006, I served the following document(s):

**DEFENDANTS JOSEPH NANNERY AND THE CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

on the following persons at the locations specified:

Galen D. Lemei, Esq.
Gibson, Dunn & Crutcher LLP
1 Montgomery Street, Suite 3100
San Francisco, CA  94104
Telephone:  (415) 393-8200
Facsimile:  (415) 986-5309
*(Counsel for Plaintiff)*

in the manner indicated below:

☒ **BY UNITED STATES MAIL:** Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE:** I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery** ☐ **is attached or** ☐ **will be filed separately with the court.**

☐ **BY OVERNIGHT DELIVERY:** I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐ **BY FACSIMILE:** The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ **is attached or** ☐ **will be filed separately with the court.**

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed November 8, 2006, at San Francisco, California.

PAMELA CHEESEBOROUGH

7

Elizabeth Drury v. City and County of San Francisco
San Francisco Superior Court Case No. 457-140

n:\lit\li2006\070560\00409269.doc

# EXHIBIT D

# TO

# DEFENDANT'S NOTICE OF REMOVAL

1    DENNIS J. HERRERA, State Bar #139669
     City Attorney
2    JOANNE HOEPER, State Bar #114961
     Chief Trial Attorney
3    MONICA F. WILEY, State Bar # 183005
     Deputy City Attorney
4    Fox Plaza
     1390 Market Street, 6th Floor
5    San Francisco, California 94102-5408
     Telephone:    (415) 554-3956
6    Facsimile:    (415) 554-3837
     E-Mail:       monica.wiley@sfgov.org
7
     Attorneys for Defendants
8    JOSEPH NANNERY and the
     CITY AND COUNTY OF SAN FRANCISCO
9
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                       COUNTY OF SAN FRANCISCO
11
                         UNLIMITED JURISDICTION
12
     ELIZABETH DRURY,                          Case No. 457-140
13
              Plaintiff,                        DEFENDANTS' DEMAND FOR JURY
14                                              TRIAL
          vs.
15
     CITY AND COUNTY OF SAN
16   FRANCISCO, TEGSCO, LLC dba SAN
     FRANCISCO AUTO RETURN, JOSEPH
17   NANNERY, ANTHONY AZEBEDO,                 Date Action Filed:    October 19, 2006
     and DOES 1 through 60, inclusive,
18
              Defendants.
19

20        Defendants Joseph Nannery and the City and County of San Francisco (the "City"), a

21   municipal corporation, hereby demands a trial by jury.

22
     Dated:  November 8, 2006            DENNIS J. HERRERA
23                                       City Attorney
                                         JOANNE HOEPER
24                                       Chief Trial Deputy
                                         By:  _____
25                                       MONICA F. WILEY
                                         Deputy City Attorney
26
                                         Attorneys for Defendants JOSEPH NANNERY
27                                       and the CITY AND COUNTY OF SAN FRANCISCO

28                                          1
     Elizabeth Drury v. City and County of San Francisco              n:\lit\li2006\070560\00409639.doc
     San Francisco Superior Court Case No. 457-140

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

NOV 0 8 2006

GORDON PARK-LI, CLERK
BY: _____
          Deputy Clerk

## PROOF OF SERVICE

I, **PAMELA CHEESEBOROUGH**, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

On November 8, 2006, I served the following documents:

### DEFENDANTS' DEMAND FOR JURY TRIAL

on the following persons at the locations specified:

Galen D. Lemei, Esq.
Gibson, Dunn & Crutcher LLP
1 Montgomery Street, Suite 3100
San Francisco, CA 94104
Telephone: (415) 393-8200
Facsimile: (415) 986-5309
*(Counsel for Plaintiff)*

in the manner indicated below:

☒ **BY UNITED STATES MAIL:** Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE:** I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery ☐ is attached or ☐ will be filed separately with the court.**

☐ **BY OVERNIGHT DELIVERY:** I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐ **BY FACSIMILE:** The transmission report was properly issued by the transmitting facsimile machine, and a copy of the transmission report ☐ is attached or ☐ will be filed separately with the court.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed November 8, 2006, at San Francisco, California.

_____
**PAMELA CHEESEBOROUGH**

2